**In re Petition for Naturalization of Samuel Harry TARAN.**

**No. 31740.**

United States District Court,
S. D. Florida,
Miami Division.

June 26, 1970.

David W. Walters, of Walters, Moore & Costanzo, Miami, Fla., for petitioner.

C. G. Yeager, Acting District Director, Miami, Fla., for Immigration and Naturalization Service of the United States Department of Justice.

ATKINS, District Judge.

The cause before this Court is the Petition for Naturalization of Samuel Harry Taran. Pursuant to the Immigration and Nationality Act, preliminary examinations were held before a Naturalization Examiner and the aforesaid examiner has filed a lengthy, persuasive memorandum in support of his recommendation that the petition be denied.

Under the Immigration and Nationality Act, the petitioner must establish good moral character during the three-year period immediately preceding his petition for naturalization. In Petitioner's case, the petition was filed on February 9, 1965. Having considered the pleadings and the testimony offered at the hearing, the Court feels that the controlling question in this petition is, "What weight should be given to Petitioner's statements concerning the background of his indebtedness to the Internal Revenue Service?"

In hearings held in connection with his petition, the petitioner, now 72 years of age, testified that his tax indebtedness was the result of the Internal Revenue Service's reversing itself as to the validity of a trust created by petitioner. This testimony, however, the examiner found to be false as evidence showed that the validity of the aforementioned trust had not been challenged. These alleged false statements are the principal basis for the examiners adverse recommendation. All parties now agree that the taxes due from petitioner are for monies owed by him for his personal income together with interest and costs. Although admitting that his statements were mistaken, petitioner maintains that he did not have knowledge of the true basis for the assessment. In support thereof, Tom Maxey, Esquire, counsel for petitioner, confirmed that he did not tell petitioner the details of the settlement worked out with the Government.

This Court finds that the statements at issue, when put into perspective by other evidence proffered in this matter, are insufficient to taint the petition of Mr. Taran. The Court is aware that the lifetime record of petitioner is far from meritorious. The evidence, however, reveals that he has not been arrested or charged with any crime since 1956. It is therefore

Ordered and adjudged by this Court that the Taran petition for naturalization be approved and that the petitioner be naturalized as a citizen of the United States.